PER CURIAM.
The plaintiffs seek damages for the death of their husband and father allegedly caused by the malpractice of the defendant physician in failing to perform proper diagnostic tests and to diagnose the decedent’s cancer. Plaintiffs intend to offer evidence, composed in part of decedent’s perpetuation deposition, that the physician failed to perform certain x-rays required by the appropriate standard of care.
The defendant physician intends to testify that he advised the decedent to undergo the x-rays but that the decedent declined or refused. Plaintiffs’ in limine motion sought to exclude the doctor’s testimony of decedent’s refusal to take the x-rays as hearsay. The trial court ruled the testimony inadmissible, finding it to be hearsay and unfairly prejudicial. The court of appeal reversed, finding the testimony admissible as non-hearsay under LSA-C.E. Art. 803(4). On original consideration of plaintiffs’ writ application, this court reversed the court of appeal and reinstated the trial court judgment, 601 So.2d 665, finding that even if the testimony is otherwise admissible under one of the hearsay exceptions, there is no reason to disturb the trial court’s conclusion that the evidence was inadmissible.
Upon defendants’ application for rehearing, we conclude our original deci *951 sion was erroneous and the result reached by the court of appeal was correct. The proposed testimony, the physician’s account of decedent’s statement of refusal of the x-ray, is not hearsay. The declarant’s statement is not offered to prove the truth of the matter asserted. LSA-C.E. Art. 801(C). It is offered to prove the statement was made for the purpose of its legal effects or consequences. The legal effect of the statement becomes operative regardless of the credibility of the declarant or the truthfulness of the statement. Further, a party’s own statement offered against the party is not hearsay. LSA-C.E. Art. 801(D)(2)(a). Decedent was an original party plaintiff in this action. Under relational and privity concepts, a statement is not hearsay if the statement is offered against a party and the statement is “[a] statement by a declarant offered against the party in an action for damages arising from the death of that declarant; ...” LSA-C.E. Art. 801(D)(3)(e).
Plaintiffs’ contentions that the physician’s testimony is unreliable because contemporaneous notation of the decedent’s refusal to take the x-ray was not made in the medical records and because decedent was not cross-examined about the refusal during his perpetuation deposition, goes to the credibility and weight of the evidence which should be determined by the jury, not the court. While the proposed testimony may be detrimental to plaintiffs’ case, it is highly relevant to the central issue in the case which plaintiffs intend to support by use of the decedent’s perpetuation deposition, and it cannot be said to be “unfairly” prejudicial so as to justify exclusion under LSA-C.E. Art. 403.
We also note that contrary to the implication in our previous order, admission of liability under LSA-R.S. 40:1299.42(D)(5) was not triggered in this case because the settlement with the physician and his insurer was for less than the insurer’s $100,000 policy limits.
For the foregoing reasons, we grant the rehearing, set aside our original decision, and reinstate the court of appeal’s decision allowing the evidence.
DENNIS and COLE, JJ., would deny the rehearing.